CLD-331                                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1573
_____

LARRY JOHNSON,
                                                      Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-15-cv-01100)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 11, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Larry Johnson, a federal prisoner, appeals the District Court's dismissal of his 28 U.S.C. § 2241 petition. We will affirm.

Following a 1996 trial in U.S. District Court for the Eastern District of Pennsylvania, a jury found Johnson guilty of conspiracy to commit armed carjacking and multiple counts of carjacking and carrying a firearm during a crime of violence. He received a sentence of 1411 months. This Court affirmed on direct appeal. United States v. Johnson, C.A. No. 96-1762 (judgment entered July 29, 1997). Johnson sought relief under 28 U.S.C. § 2255. The District Court found the petition time-barred, and this Court declined to issue a certificate of appealability. United States v. Johnson, C.A. No. 00-2677 (order entered June 28, 2001). In 2006, Johnson filed a motion to file a second § 2255 motion, which this Court denied. In Re Larry Johnson, C.A. No. 06-1502 (order entered March 31, 2006). It appears Johnson then filed four 28 U.S.C. § 2241 petitions in the District of Arizona. The instant petition, filed in New Jersey, appears to be his fifth. In this petition, Johnson contended, in essence, that his convictions violate prohibitions against double jeopardy and ex post facto punishments. He also asserted that he is actually innocent of the firearms offenses.

The District Court dismissed the petition for lack of jurisdiction, finding Johnson's claims were not cognizable under § 2241. Johnson appealed. In this Court, he raises the same basic claims as he did before the District Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review any factual findings for clear error.

2

See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under 28 U.S.C. § 2241 in the district of confinement, but only if § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). However, we have applied that "safety valve" only in rare situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions that an intervening change in law has made non-criminal. See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court has denied relief, see Cradle, 290 F.3d at 539.

After reviewing Johnson's claims, we agree with the District Court's conclusion that Johnson has not shown that relief under § 2241 is available because the remedy afforded by § 2255 is inadequate or ineffective. In sum, Johnson's claims regarding 18 U.S.C. §§ 924(c) and 2119 could have been brought under § 2255, and we fail to see how Jones v. United States, 526 U.S. 227 (1999), applies to Johnson's case. As the District

3

Court's dismissal of Johnson's petition for lack of jurisdiction clearly is correct, we conclude that this appeal presents no substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. We will summarily affirm the District Court's order.